UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KURT FRANKLYN LAFFY,

    Plaintiff,

vs.                                          Case No. 3:03-cv-1005-J-12MCR

JANSSEN PHARMACEUTICA, INC., a division
of Johnson & Johnson, a New Jersey
Corporation,

    Defendant.
_____/

# ORDER

**THIS CAUSE** is before the Court on Defendant's Motion for Protective Order for Deposition of John Clarke (Doc. 21) filed April 8, 2005. Plaintiff filed a response in opposition to this Motion on April 27, 2005 (Doc. 29). Accordingly, the matter is now ripe for judicial review.

Defendant alleges counsel for Plaintiff inappropriately posed questions to a witness, John Clarke, during his deposition regarding Mr. Clarke's visits to strip clubs. Plaintiff responds that the line of questioning about strip clubs is appropriate because in the Complaint, Plaintiff alleges his employment with Defendant was terminated for reporting sexually discriminatory and inappropriate conduct by Mr. Clarke, "including Mr. Clarke's invitation that Plaintiff join him after hours, to discuss business at a strip club." (Doc. 29, p.2). Plaintiff asks that he be able to question Mr. Clarke "about how long he has been attending strip clubs, while employed by the Defendant, and with what other

-1-

employees of the Defendant he has attended strip clubs.  (Doc. 29, p.5).  Plaintiff contends that defense counsel's instruction to Mr. Clarke not to answer several questions during the deposition was inappropriate and accordingly, Plaintiff seeks sanctions.

Plaintiff's Complaint alleges he was discriminated against on account of his gender and in retaliation for complaining about sexual harassment.  (Doc. 1).  Specifically, Plaintiff claims he complained about his supervisor, Mr. Clarke, and Mr. Clarke's inappropriate conduct.  In retaliation for such complaints, Plaintiff alleges he was reassigned to another supervisor and ultimately discharged.  Plaintiff further alleges that during his first work session with Mr. Clarke, Clarke asked Plaintiff to join him at a strip club in Tampa during work hours.  (Doc. 1, ¶21).  Additionally, Plaintiff describes Mr. Clarke's inappropriate sexual conduct in the workplace to include an allegation that Mr. Clarke "asked both customers and employees about strip clubs, and made references to these clubs to the members of his group" and "repeatedly showed up late to work after a night of partying at strip clubs."  (Doc. 1, ¶23(E) and (F)).

Based on these allegations, Plaintiff takes the position that his counsel's questions regarding strip clubs were appropriate.  On the other hand, Defendant argues that questions regarding Mr. Clarke's attendance at strip clubs, other than during the period of time that Plaintiff worked for Mr. Clarke (1999-2001) are posed simply to unreasonably annoy, embarrass or oppress Mr. Clarke.  (Doc. 21, p.8).  Indeed, during the deposition, counsel for Defendant objected and instructed Clarke not to answer questions about his personal habits prior to meeting Plaintiff in 1999 and about which

company employees might have joined Clarke at strip clubs prior to 1999. Defendant acknowledged that Plaintiff was free to inquire into "any issue relating to the time, place, personnel and circumstances in which [Plaintiff] might wish to develop evidence that there was any report to [Defendant] regarding Clarke's making attendance at or discussion of strip clubs a condition of employment during 1999-2001." (Doc. 21, pp.6-7).

The Court does not believe it is necessary to restrict Plaintiff's line of questioning in such a drastic fashion. Plaintiff has satisfied the Court that the issue of Mr. Clarke's attendance at strip clubs is relevant to his claims. However, because of the very nature of the questions, some sort of limitations should be placed on the questioning. The Court believes it is reasonable for Plaintiff to ask Mr. Clarke about his attendance at strip clubs during work hours during the time he was employed with Defendant. Additionally, Plaintiff may inquire into the names of company employees who joined Mr. Clarke at strip clubs from 1995 to 2001 (during work hours or otherwise). This will permit Plaintiff to explore the issue for a period of four years prior to the time he began working with Mr. Clarke but will not go back to the 1970's when Mr. Clarke apparently began working for Defendant.

The Court will deny Plaintiff's request for sanctions and his request that the deposition of Mr. Clarke be reconvened at Defendant's expense. Counsel for Defendant's limitations on the questioning were more restrictive than the Court's but the Court agrees that some restriction is necessary in this case. Accordingly, the Court finds Defendant's position to be substantially justified enough to avoid the imposition of

sanctions.  The deposition of Mr. Clarke may be reconvened for Plaintiff to continue with his questions and the parties will each bear their own expenses.

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion for Protective Order for Deposition of John Clarke (Doc. 21) is **GRANTED in part and DENIED in part**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 16th day of May, 2005.

*Monte C. Richardson*
  MONTE C. RICHARDSON
  UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party