UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KURT FRANKLYN LAFFY,

    Plaintiff,

vs.                                          Case No.  3:03-cv-1005-J-12MCR

JANSSEN PHARMACEUTICA, INC., a division
of Johnson & Johnson, a New Jersey
Corporation,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion for Reconsideration and Plaintiff's Motion for Clarification (Docs. 37 and 38) filed May 19, 2005.  After reviewing the Motions, the Court believes it needs to clarify its Order dated May 16, 2005 (Doc. 35).  In that Order, the Court granted in part and denied in part Defendant's Motion for a Protective Order regarding the deposition of John Clarke.  The Court ruled:

> The Court believes it is reasonable for Plaintiff to ask Mr. Clarke about his attendance at strip clubs during work hours during the time he was employed with Defendant. Additionally, Plaintiff may inquire into the names of company employees who joined Mr. Clarke at strip clubs from 1995 to 2001 (during work hours or otherwise).  This will permit Plaintiff to explore the issue for a period of four years prior to the time he began working with Mr. Clarke but will not go back to the 1970's when Mr. Clarke apparently began working for Defendant.

(Doc. 35, p.3).  The Court was under the impression that Mr. Clarke worked for Defendant, Janssen Pharmaceutica, Inc., since the 1970's.  In its Motion for

-1-

Reconsideration, Defendant clarified that while Mr. Clarke had been an employee of other divisions of Johnson & Johnson since the 1970's, he had only been an employee of Defendant since 1999.

Plaintiff responds that he should be able to question Mr. Clarke regarding the entire time he worked for "Johnson & Johnson, named as a Defendant in this case." (Doc. 38, p.4).  The Court was not aware that Johnson & Johnson was a named Defendant in this case.  Instead, Janssen, a division of Johnson & Johnson, is the sole Defendant named in Plaintiff's Complaint.  (Doc. 1).  Plaintiff states there are many reasons why he should be permitted to question Mr. Clarke about his attendance at strip clubs during his employment with any division of Johnson & Johnson, however, Plaintiff only provides the Court with one specific reason:

> If Mr. Clarke attended strip clubs with members of upper management (at Janssen or at any other division of Johnson & Johnson) and if those same people played any part in Plaintiff's termination, then Plaintiff is entitled to know this.

(Doc. 38, p.1).

The Court believes it is appropriate to revise its previous Order (Doc. 35).  Accordingly, Plaintiff is permitted to question Mr. Clarke about his attendance at strip clubs from 1999 to 2001 during work hours (between the hours of 8:00 a.m. and 6:00 p.m. Monday through Friday).  Plaintiff may also inquire into the names of any employees or customers of Janssen who attended strip clubs with Mr. Clarke at anytime during the period from 1999 to 2001.[1]  Finally, Plaintiff may ask Mr. Clarke whether a

---

[1] The questioning regarding the names of employees or customers of Janssen who attended strip clubs with Mr. Clarke is not restricted to work hours.

specific member of upper management, who was a decision maker with respect to Mr. Laffy's employment with Janssen, ever attended a strip club with Mr. Clarke at any time. This should permit Plaintiff to learn any relevant information while still allowing Mr. Clarke some privacy regarding how he spends his personal time.

Plaintiff also asks the Court to clarify its previous Order to explain where the re-examination of Mr. Clarke should take place.  Plaintiff asks that Mr. Clarke be required to travel to Jacksonville, Florida in order to be re-deposed.  The Court will not require this.  As the previous Order held, Defendant's conduct in limiting the questioning was substantially justified.  If Plaintiff does not feel a telephonic deposition will suffice, he and his attorney are free to travel to South Carolina to re-depose Mr. Clarke on the very limited topics permitted in this Order.

After due consideration, it is

**ORDERED**:

Defendant's Motion for Reconsideration and Plaintiff's Motion for Clarification (Docs. 37 and 38) are **GRANTED** in part as set forth in the body of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  20th  day of May, 2005.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record