UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KURT FRANKLYN LAFFY,

    Plaintiff,

v.                                                                      No.3:03-cv-1005-J-12MCR

JANSSEN PHARMACEUTICA., INC., etc.,

    Defendant.

## ORDER

This cause is before the Court on Defendant's Motion for Case-Dispositive Summary Judgment (Doc.46), filed July 15, 2005. Plaintiff's response in opposition (Doc.51) was filed on August 12, 2005. Both parties submitted numerous depositions, affidavits, and exhibits, which the Court has reviewed. For the reasons set forth below, the Court finds that genuine issues of material fact preclude summary judgment.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The purpose of summary judgment is to dispose of unsupported claims of defenses which, as a matter of law, do not raise issues of material fact suitable for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The party moving for summary judgment bears the initial burden of demonstrating to the Court "by reference to materials on file, that there is no genuine issue of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.604, 608 (11th Cir. 1991). A court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-150 (2000) (discussing standard for granting judgment as a matter of law under Fed.R.Civ.P. 50, which mirrors the standard for granting summary judgment under Rule 56); Hinson v. Clinch County Bd. of Educ., 231 F.3d 821, 826-27 (11th Cir. 2000). The Court considers the entire record, but must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 530 U.S. at 151; Hinson, 231 F.3d at 827.

Once the moving party has met its burden, the burden shifts to the non-moving party to show that there is a material issue of fact that precludes summary judgment. Clark, 929 F.2d at 608. The non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts, through affidavits or other forms of evidence provided for by the rules. Adickes v. SH. Kress & Co., 398 U.S. 144, 157 (1970).

"[T]he inquiry is whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252-52. A genuine issue of material fact exists where there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor. Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir.1995); United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc).

This is a retaliation and gender discrimination action arising during the course of

Plaintiff's employment with the Defendant. The Court has carefully reviewed the submissions of the parties in support of and in opposition to the motion for summary judgment and is of the opinion that numerous issues of fact exist which preclude summary judgment. Accordingly, upon review of the matter, it is

**ORDERED AND ADJUDGED**:

That Defendant's Motion for Case-Dispositive Summary Judgment (Doc.46) is denied.

**DONE AND ORDERED** this 12TH day of October 2005.

*Howell W. Melton*
Howell W. Melton
Senior U.S. District Judge

Copies to:   Counsel of Record