UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KURT FRANKLYN LAFFY,

    Plaintiff,

        v.                                  No.3:03-cv-1005-J-12MCR

JANSSEN PHARMACEUTICA., INC., etc.,

    Defendant.

_____

## ORDER ON MOTIONS IN LIMINE

    This cause is before the Court on the Plaintiff's Motions in Limine (Doc.68) and "Defendant's Global Motion in Limine ..." (Doc.67) filed on February 3, 2006, and the responses thereto (Docs. 69 and 72). The Court held a hearing on the motions in limine on March 8, 2006. After the hearing, the Defendant filed supplemental authority (Doc.84) in support of its motion, to which the Plaintiff responded (Doc.88).

    This Order memorializes rulings made at the hearing and expresses the Court's ruling on other matters that were taken under advisement.[1] The Court has considered all of the submissions of the parties as well as the argument of counsel concerning the motions in limine. The Court may revisit its rulings should the evidence at trial warrant it. The parties are also advised that as to those matters which the Court has deferred ruling until trial, counsel should request a conference at sidebar at the point such evidence is intended to be offered.

---

[1] The Transcript of the Hearing on the parties' Motions in Limine is Doc. 85.

**PLAINTIFF'S MOTIONS IN LIMINE (DOC.68)**

The Plaintiff seeks to exclude five categories of evidence. The Court will address each category below.

1. <u>Witnesses not disclosed during discovery</u>

The Plaintiff's motion seeks to exclude 14 witnesses which were listed by the Defendant in the Pretrial Statement, but allegedly not the subject of proper Rule 26 disclosures during the course of discovery.

The Court will deny the motion in limine with regard to two witnesses, Katherine Lysy and David Chen, to the extent that they will be called to authenticate admissible documents. At the hearing, the Court also ruled that it would exclude, as irrelevant, evidence of the Plaintiff's job performance before he became a Strategic Account Manager (SAM), as the alleged retaliation occurred while he was a SAM supervised by John Clark and Christine Fagnani. That ruling removed Steve Zollo from the scope of Plaintiff's motion in limine. The Defendant indicated that another seven witnesses could be eliminated from consideration as it did not intend to call them at trial: John Bullard, Efrem Dlugacz, Marjorie Geller, Robert Hartman, Jennifer Hassell, Joan Poling, and Anthony Tautkus. As a result, four witnesses are left for the Court to consider in ruling on the motion in limine: Craig Oxley, Janis Saunier, Donna Ng, and Nick Compton.

Three of these witnesses are the subject of the Defendant's Motion to Re-Open Discovery for a Limited Time and Purpose (Doc.89), to which the Plaintiff has not yet responded. As a result, the Court will defer ruling on this portion of the Plaintiff's Motions in Limine pending resolution of the motion to reopen discovery and will enter a separate order resolving this matter.

2. <u>Documents not disclosed during discovery</u>

    a.     Defendant's Exhibits 9A, 11A, 13A, and 13B

The Court denies the motion in limine with regard to these documents which the Defendant explained are simply better copies of documents disclosed during discovery.

    b.     Defendant's Exhibit 39

This is a summary of the account activity for all of the SAM's Christine Fagnani was managing in 2002. The Defendant claims that this document was contained in files it received from Christine Fagnani and produced in a timely fashion, albeit after the end of the discovery period. The Defendant intends to use the document to support her testimony that Plaintiff performed poorly because he made few customer calls. The Plaintiff opposes admission of this document claiming it was created after the Plaintiff's employment as a SAM was terminated.

The Court will defer ruling on this Exhibit until trial.

    c.     Defendant's Exhibit 48

This is a summary of the Plaintiff's job performance as a district manger from 1995-1999.

As the Court indicated at the hearing, the Court finds that Plaintiff's job performance before he became a SAM is not relevant to his claim of retaliation or the Defendant's defense that his poor performance as a SAM resulted in the termination of his employment.[2] The Plaintiff will be permitted to testify generally about the various positions

---

[2] A question of fact remains for determination by the jury regarding whether the Plaintiff left voluntarily or was fired or "pushed out" of his position as a SAM with the Defendant.

that he held while working for the Defendant, but neither party shall elicit testimony regarding the issue of his job performance before he became a SAM.

3. Evidence regarding Plaintiff's prior employment and litigation in California

The Court noted at the hearing that as a general rule such evidence is not admissible as relevant to any issue in this case. The motion in limine is therefore granted with regard to this evidence.

4. Evidence of settlement negotiations

This category of evidence concerns discussions that the Plaintiff had concerning his leaving the Defendant's employment, including a statement that he made that he "out-negotiated" Stan Davis regarding his severance package.

The Court will deny the motion in limine regarding evidence of discussions concerning the Plaintiff's departure from his employment with the Defendant.[3]

5. Defendant's Exhibit 42 --EEOC dismissal and notice of rights

The parties are scheduled to submit supplemental memoranda and the Court will enter a separate Order ruling on the admissibility of this evidence.

**DEFENANT'S GLOBAL MOTION IN LIMINE (DOC.67)**

The Defendant also seeks to exclude five categories of evidence and the Court discusses each in turn below:

---

[3] The Court notes that page 56 of the Transcript of the Hearing on the Motions in Limine (Doc.85) correctly reflects that the Court denied the motion in limine with respect to this evidence, but incorrectly states that as a result the evidence is inadmissible.

4

1. <u>Evidence of John Clark's personal off-duty entertainment habits and alcohol consumption</u>

The Court will exclude all evidence of John Clark's personal off-duty entertainment habits and alcohol consumption. To the extent that John Clark's behavior was related to his employment with the Defendant and arguably provided a reasonable basis for the Plaintiff's complaints about gender or sex discrimination under Title VII, it may be admissible. With regard to the testimony concerning John Clark's statements about his daughter's medical condition, or other statements or actions by John Clark related to his employment with the Defendant and arguably providing a reasonable basis for the Plaintiff's complaints about gender or sex discrimination under Title VII, the Court must defer ruling on such evidence until trial in order to have a sufficient context to determine admissibility.

2. <u>Evidence of John Clark's remarks on issues other than gender/sex</u>

The Court will exclude all evidence of John Clark's statements regarding handicapped people, race, homosexuality, or any similar statement, as such statements are not relevant to the issue of whether the Defendant retaliated against the Plaintiff because Plaintiff reported what Plaintiff allegedly reasonably believed to be conduct by John Clark that constituted illegal sexual or gender discrimination.

3. <u>Testimony that John Clark had pornography on his computer or flirted with female customers</u>

The Court will defer ruling on these matters until trial in order to have the benefit of the context at trial to determine their admissibility.

4. <u>Plaintiff's Exhibits 64-72</u>

These exhibits are Plaintiff's correspondence with other members of his sales organization outside the relevant time period for Plaintiff's claims of retaliation. Therefore

the motion in limine will be granted as to these exhibits and they will be excluded at trial.

5.    <u>Testimony and report of Plaintiff's expert beyond scope of 10/29/04 report</u>

For the reasons set forth at the hearing, the Court will permit Plaintiff's expert Dr. Perry to supplement his report and the Defendant shall have the opportunity to depose him. Upon review of the motions, it is

**ORDERED AND ADJUDGED**:

That Plaintiff's Motions in Limine (Doc.68) and "Defendant's Global Motion in Limine ..." (Doc.67) are granted in part, denied in part, and deferred in part as set forth in this Order.

**DONE AND ORDERED** this ___31st___ day of March 2006.

*Howell W. Melton*
HOWELL W. MELTON
United States District Judge

c:    Counsel of Record